■Green, J.,
delivered the opinion of the court.
This is an action of ejectment, brought by the defendant in error against the plaintiff in error.
The plaintiff below claims under a grant to his father, James Davis, and a decree of the chancery court ordering a sale of the land, and investing him with the title, as the purchaser.
The defendant introduced in evidence, an outstanding title in one Eastham, whose grant is older than that under which the plaintiff claims, and the plaintiff then read a special entry *334 covering the land described in his grant, older than Eashtam’s entry.
The grant to Davis, describes an entry, number 2919, and the entry produced and read, is number 2918. The defendant objected to the reading said entry, on the ground, that the discrepancy in the number, of the entry recited in the grant, and the number in the one produced, shows that the grant is not founded upon the entry produced, but upon another entry of number 2919, The court overruled the objection, and permitted the entry to be read. To this decision of the court the ' defendant excepted at the time, and now assigns it for error.
We think the objection to reading the entry was properly overruled. The grant describes the entry correctly, except this mistake as to the number; and notwithstanding this mistake, the other points of the description are such, as leave no room to doubt the identity of the entry offered, as the one on which the grant is founded.
2. The plaintiff read the record of a suit in equity, brought by the administrator of James Davis against his heirs and distributees, in which suit, a decree was made ordering a sale of the land in controversy, and which land was purchased by the plaintiff.
The plaintiff then offered to read a deed from the clerk and master of the chancery court at Sparta to himself for land purchased under said decree, and which deed was made in pursuance of a decree of said court; to the reading of which deed the defendant objected, but the objection was overruled by the court, and the deed was read.
The defendant objected to said deed being read, because the seal of the court is not affixed to it, nor is there any scroll representing the private seal of the clerk; but the deed concludes: “In testimony whereof, I, William E. Nelson, clerk and master aforesaid, have hereunto set my hand and affixed my seal, (no seal of office being provided,) at office, in Sparta, *335 tbe 2d of October, in the year of our Lord one thousand eight hundred and forty-nine.
“William E. Nelson, [Seal.] CPk & M.”
We do not think this objection well taken. The word “seal” at the end of the name is equivalent to a seal. The only reason for a scroll made by a flourish of the pen, at the place for the seal, is to show that it was the intention of the party to execute a deed. Since wax, by which an actual seal was made, has gone out of use, the courts of nearly all the states have regarded the scroll as a substitute for the seal— but the word “seal,” written at the place for the seal, is certainly much more expressive of the intention of the party to make a deed than the scroll could be, and this word, so written, should, therefore, be regarded as a substitute for the seal. This point was so decided, in a criminal case, at Jackson, in 1850, by this court.
It is further objected to this title, that the administrator’s bill did not pray for a sale of the land, and, therefore, the court of chancery had no jurisdiction to decree a sale, and consequently the plaintiff obtained no title by his purchase. We do not think this objection well taken.
It appears from the record, that the chancery suit was in this court by appeal, and that this court remanded the cause, with directions to take an account of the value of the lands, with a view to determine the questions in litigation, as to the advancements made to the elder children, and it became necessary to sell those lands in order to equalize the shares of the heirs and distributees.
The sale, therefore, was properly ordered, as an incident to the attainment of the justice of the case, and the court had jurisdiction to order it, although it was not the primary object of the bill, nor prayed for, specially by the complainant.
It is further objected, that the record shows Franklin Davis, one of the heirs of James Davis, died pending the suit in *336 chancery, and there was no revivor against his heirs, and therefore the sale is void.
Regularly, the suit should have been revived against the heirs of Franklin Davis; but this irregularity does not render the proceedings void; they are only erroneous, and the decree is valid. Perhaps, although the other parties were his brothers and sisters, and he was an infant when he died, and probably had no issue, yet, as they were not made parties, formally, .as heirs of Franklin, his share may not have been disposed of by the decree and sale, and for that undivided share, the plaintiff may not have a title; but as to the balance of the land, his title, under the decree and clerk and master’s deed, is unquestionable.
3. The plaintiff offered to read the deposition of David Coger, which was objected to, and the objection overruled, and the deposition was read, to which the defendant excepted. No special ground of objection was stated for rejecting the deposition, but a general objection to the reading thereof.
It is now assigned for error, that this deposition was taken,, de bene esse, and there was no affidavit, nor order for taking the deposition.
This court has decided, that where a deposition is objected to at the trial, because of any informality or irregularity in taking it, or because of the irrelevancy of any particular parts of it, the ground of objection must be specially stated at the time, and appear in the record, or this court will not notice the objection. It is otherwise, if the objection go to the competency of the witness to testify in that cause. In such case, a general objection is sufficient.
4. It is assigned for error, that the proof docs not show ' the defendant was in possession of the land in dispute at the date of the service of the writ.
The proof is, that he lived within the bounds of the plaintiff’s grant, and if there are tracts of land within the bounds *337 of the grant, excluded by it, on some part of which excluded tracts, the defendant lived, theorems of proof, to show that fact, is on the defendant.
The charge of the court, we think, was correct in all its parts, and there is no error in the record.